# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv397

| | |
|---|---|
| **LOIS KAYE ADAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **TOWN OF BLACK MOUNTAIN,** ) | |
| **NORTH CAROLINA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on the joint Consent Protective Order. There are two problems with such submission. First, the submission was submitted through CyberClerk as the "Certificate of Initial Attorneys Conference," a document which has already been filed. Second, taking the document for what it is, a proposed consent protective order, the submission is not accompanied by a motion.

As provided in Rule 7(b)(1), Federal Rules of Civil Procedure, and reflected in Local Rule 7.2, an application to the court for an Order or other relief must be made in the form of a written motion. The court adheres to these rules not simply because they are rules; instead, the requirement of filing a motion insures that the court reaches the issue, inasmuch as there is no provision for CM/ECF to track

-1-

freestanding proposed Orders. The requirement of a motion further serves the public interest in assuring that Orders which limit public review - - such as protective orders - - are based on good and adequate cause.

With those concerns in mind, the court will strike the "Consent Protective Order" from CyberClerk as improvidently submitted, and instruct the parties to file a joint or consent Motion for Protective Order, therein showing good and adequate cause for the relief sought. Counsel may <u>attach</u> the proposed Consent Protective Order as an attachment to the motion or they may <u>submit</u> it to the court through <u>CyberClerk</u>, or both.

## ORDER

**IT IS, THEREFORE, ORDERED** that the joint Consent Protective Order submitted through CyberClerk is, respectfully, **STRICKEN.**

Signed: March 17, 2008

Dennis L. Howell
United States Magistrate Judge